IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Eugene Todd, | ) |
| | ) C/A No. 6:18-319-MBS |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States Marshal Service; Attorney | ) |
| General Jeff Session; US Attorneys for | ) |
| the District of South Carolina; Warden | ) |
| H. Joyner, FCI-Estill, | ) |
| | ) |
| Respondents. | ) |

Petitioner Jerome Eugene Todd is a federal inmate in custody of the Bureau of Prisons who currently is housed at FCI-Estill in Estill, South Carolina. It appears that Petitioner is serving sentences for conspiracy to engage in sex trafficking, in violation of 18 U.S.C. §§ 371 and 1591(a)(1) (Count 1); sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1) and 1592(b)(1) (Counts 2, 3, 5); interstate transportation in furtherance of prostitution, in violation of 18 U.S.C. § 2421 (Count 4), which sentences were imposed by the District Court for the Western District of Washington. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 5, 2018, alleging that he is being unlawfully confined. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

On March 8, 2018, the Magistrate Judge issued an order directing Petitioner to bring the case into proper form by paying the $5.00 filing fee or completing and returning the Form AO 240 attached to the order. Petitioner was notified that his failure to respond to the order could subject his case to dismissal. Petitioner did not respond. On April 17, 2018, the Magistrate Judge issued

a second proper form order directing him to pay the $5.00 filing fee or complete and return a From AO 240, and cautioning Petitioner that if Petitioner did not timely bring the case into proper form, the case could be dismissed for failure to prosecute and comply with an order of the court. Petitioner did not respond to the second proper form order. Accordingly, on May 18, 2018, the Magistrate Judge filed a Report and Recommendation in which he recommended that the case be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to comply with a court order. Petitioner filed objections on June 4, 2018.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Petitioner reiterates the allegations of his § 2241 petition to assert that he is in custody without probable cause or legal process and thus falsely imprisoned. Petitioner seeks immediate release from FCI-Estill. However, it does not appear that Petitioner has taken any steps to comply with the Magistrate Judge's order.

The court has thoroughly reviewed the record. The court concurs in the Report and

2

Recommendation and incorporates it herein by reference. The within action is dismissed without prejudice for failure to prosecute and failure to comply with the Magistrate Judge's orders. See Fed. R. Civ. P. 41(b).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 23, 2018

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**